UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:96-CR-016-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LAWRENCE KEMP TENNILLE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*

Defendant Lawrence Kemp Tennille, a pro se federal prisoner, has sent a letter directly to the Court asking for relief from his sentence pursuant to the First Step Act of 2018 and for appointment of counsel. The Court construes this letter as a motion for reduction of sentence and appointment of counsel. But Tennille is not eligible for a sentence reduction under the First Step Act because he was sentenced as a career offender. As a result, Tennille's motion for reduction of sentence is **DENIED**.

### I. Procedural History

In 1997, Tennille was convicted of conspiring to possess with intent to distribute in excess of fifty grams of cocaine base. Tennille was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. [DE 142, Judgment; DE 158, Sentencing Transcript; DE 175, Sixth Circuit Order]. Tennille was sentenced to life

imprisonment.[1]  The sentence was affirmed by the United States Court of Appeals for the Sixth Circuit. *United States v. Tennille*, No. 97-6245, 2000 WL 191725 (6th Cir. Feb. 3, 2000).

Recently, Tennille filed a motion for relief from judgment. [DE 355].  This Court construed that motion as a successive motion for habeas relief and forwarded the petition to the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997).  [DE 358]. The Sixth Circuit denied Tennille's request for authorization to file a second or successive § 2255 motion.  [DE 372].

Subsequently, Tennille mailed a letter to the Court renewing his requests for relief pursuant to the First Step Act of 2018. As such, the Court considers this letter as a motion for reduction of sentence under the First Step Act of 2018.

## II.  Analysis

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was signed into law. Among other reforms, Section 404 of the First Step Act retroactively applies certain sentencing reform provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA").  Specifically, the First Step Act retroactively applies the reduced statutory penalties for cocaine base ("crack" cocaine) offenses in the FSA to "covered offenses" committed before August 3, 2010.

---

[1] President Obama commuted Tennille's sentence to a term of 360 months.  [DE 349].

The court that imposed a sentence for a covered offense may impose a sentence as if the FSA were in effect at the time the covered offense was committed. This reduction in sentence may be made by the court on its own or on a motion of the defendant, the Director of the Bureau of Prisons, or an attorney for the United States.

"Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if: (1) the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal citations and quotation omitted). To satisfy the second requirement, "a guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *Id.* (internal citations and quotations omitted).

But here, Tennille's argument that he is eligible for a sentence reduction under the First Step Act has been foreclosed by the Sixth Circuit. As the Court has reminded Tennille on multiple occasions, and again reiterates, Tennille was sentenced as a career offender and his sentence is not based on his guideline range. [DE 353, at 1 (citing [DE 276; DE 286; DE 320; DE 330])].

In *Riley*, the Sixth Circuit addressed whether prisoners sentenced as career offenders were eligible for a sentence reduction under the Fair Sentencing Act and held that those sentenced as career offenders under U.S.S.G. § 4B1.1 were not eligible because the reforms in the Fair Sentencing Act only affected the guidelines ranges under U.S.S.G. § 2D1.1. *Riley*, 726 F.3d at 758-59.

In so holding, the Sixth Circuit explained that career offenders were not eligible for a sentence reduction under Amendment 706, a retroactive amendment that lowered the base offense levels for most crack offense levels in § 2D1.1, because sentences for career offenders were not based on a sentencing range that had been lowered by the commission. *See id.* (discussing *United States v. Perdue*, 572 F.3d 288 (6th Cir. 2009)).

The Sixth Circuit reaffirmed its holding in *Perdue* in the context of Amendment 750 under the Fair Sentencing Act because "that amendment did not lower the career offender sentencing guidelines range" where a sentence was derived from a defendant's status as a career offender, rather than based on the quantity of drugs. *Id.* at 759 (citing and discussing *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013)).

The court must preliminarily calculate a defendant's § 2D1.1 guideline range to determine the statutory maximum offense

level in § 4B1.1, but this does not mean that the sentence was "based on" the drug quantity calculations in § 2D1.1. Ultimately, a preliminary calculation of a defendant's § 2D1.1 guideline range does not make the final sentence "based on" the § 2D1.1 guideline. *Id.* at 759 n.1.

In sum, the Sixth Circuit has held that the reforms in the Fair Sentencing Act "only altered the § 2D1.1 guideline ranges" and that "sentences of career offenders under § 4B1.1 are not based on the § 2D1.1 ranges." *Id.* at 759. This Court is bound by Sixth Circuit precedent. As a result, the reforms in Section 404 of the First Step Act are inapplicable to Tennille's sentence because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, which remain unchanged, not based on the guideline ranges in U.S.S.G. § 2D1.1, which are based on drug quantity calculation and were amended by the Fair Sentencing Act reforms that are now applied retroactively.

### III. Conclusion

Accordingly, **IT IS ORDERED** as follows:

(1) The letter sent by Defendant Lawrence Tennille shall be filed in the record;

(2) The Court construes the letter as a motion for a sentence reduction and a motion for appointment of counsel;

(3) Tennille's motion for appointment of counsel is **DENIED**; and

(4) Tennille's motion for reduction of sentence pursuant to the First Step Act of 2018 is **DENIED**.

This the 17th day of May, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge